KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Ray Palmer, | No. CV 14-8013-PCT-DGC (MHB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Corizon Incorporated, et al., | |
| Defendants. | |

Plaintiff Donald Ray Palmer, who is confined in the Arizona State Prison Complex-Eyman (ASPC-Eyman), has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will order Defendants Lucek and Stowell to answer Counts One and Two of the Complaint and will dismiss the remaining Defendant without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . .

TERMPSREF

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. Complaint

Plaintiff names Corizon Incorporated, Registered Nurse Julie Lucek, and Complex Site Manager Elsie Stowell as Defendants in the Complaint. Plaintiff raises two claims for relief.

In Count One, Plaintiff claims his Eighth Amendment rights were violated when he was denied medication and appropriate treatment after knee surgery. Plaintiff states that on July 18, 2013, he had knee surgery for a meniscus tear. Plaintiff was instructed to rest and elevate his knee, ice the operated area for 30 minutes on/30 minutes off during the first two days, take medication as directed, and bear weight on his leg "as tolerated." Plaintiff claims that after returning to ASPC-Winslow, where he was confined at the time, a nurse wrote out a daily activity order that included meals in his living quarters and no school or recreation activities, and issued Plaintiff a pair of crutches. Plaintiff claims that a few hours later he was called to medical to receive medication. Plaintiff informed the officer on duty that he had just had surgery and could not make it to medical on crutches. Plaintiff alleges that Defendant Lucek eventually brought Plaintiff his medication but informed him that he would have to come to medical to pick up his next dose of medication.

Plaintiff states that he was then later called to "medical" to "sign another laid in order terminating the previous order." Plaintiff again informed detention officers that he could not make it to medical. Plaintiff claims that "medical never called Plaintiff to pick up his medication or brought him his medication ever again." Plaintiff claims that "medical" terminated the previous order and stopped his "meals and ice for his swollen knee[,] disregarding the doctor's instructions." Plaintiff alleges that "medical" and Defendant Lucek knew of his need for medication, ice, and meals, but failed to take reasonable measures, and that Defendant Lucek was deliberately indifferent to the doctor's instructions and failed to provide needed treatment to Plaintiff.

In Count Two, Plaintiff claims that he informed Defendant Stowell, through a grievance, that he was not receiving medication, meals, or ice. Plaintiff alleges that

1 Defendant Stowell responded by telling him that the doctor's instructions are
2 recommendations and that "they (medical) can either follow those recommendations or
3 write their own." Plaintiff claims that Defendant Stowell knew of Plaintiff's need for
4 medication, meals, and ice, but failed to respond reasonably. Plaintiff alleges that as a
5 result of Defendant Stowell's failure to order treatment, he suffered unnecessary and
6 wanton infliction of pain. Plaintiff also alleges that the knee injuries are continuing and
7 that he has been denied a walking cane.

**IV.    Failure to State a Claim**

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Plaintiff has not alleged that his constitutional rights were violated as a result of a policy, decision, or custom of Defendant Corizon Incorporated. Accordingly, Plaintiff has failed to state a claim against Defendant Corizon Incorporated and this defendant will be dismissed without prejudice.

Further, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has failed to link his claims of ongoing knee injuries and denial of a walking cane to the actions of a specific defendant. For that reason, the Court will only consider claims relating to Plaintiff's post-surgery treatment.

**V.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated an Eighth Amendment medical claim against Defendants Lucek and Stowell with respect to post-surgery treatment. The Court will require these Defendants to answer the Complaint.

**VI. Warnings**

    **A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C. Copies**

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 14-08, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 14-08.

    **D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial

1  filing fee.

2  (3) Defendant Corizon Incorporated is **dismissed** without prejudice.

3  (4) Defendants Lucek and Stowell must answer Counts One and Two of the Complaint.

5  (5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Lucek and Stowell.

8  (6) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

11  (7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

16  (8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

18  (9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

TERMPSREF

    (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

. . . .

. . . .

TERMPSREF

1    (13)   This matter is referred to Magistrate Judge Michelle H. Burns pursuant to
2  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
3  authorized under 28 U.S.C. § 636(b)(1).
4    Dated this 22nd day of May, 2014.

*David G. Campbell*
David G. Campbell
United States District Judge